## COLUMBUS CIRCLE ARCADE CO. v. PEDRICK.

United States District Court
S. D. New York.
Jan. 30, 1953.

Riegelman, Strasser, Schwarz & Spiegelberg, New York City, Laurence Rosenthal, New York City, of counsel, for plaintiff.

Myles J. Lane, U. S. Atty., by James A. Devlin, Asst. U. S. Atty., New York City, for defendant.

RYAN, District Judge.

This suit, filed against the Collector of Internal Revenue for the Second District, New York, was continued against his estate to recover $1,650 paid by plaintiff for documentary stamps alleged to have been erroneously affixed to a mortgage extension agreement executed on August 14, 1946. A claim for refund was duly filed under Section 3771, Title 26 U.S.C. and upon its rejection this suit was commenced.

At trial all factual issues were removed by stipulation. The sole question of law presented is whether the extension agreement involved was subject to tax under the provisions of Section 1801, Title 26 U.S.C.

The following material facts appear from the stipulation the parties have made:

Plaintiff, Columbus Circle Arcade Co., is a New York corporation. On August 8, 1934, it was the record owner of the fee to land and building situated thereon at West 57th Street and Eighth Avenue, in the County and State of New York. The property was then subject to four corporate mortgages, which had been consolidated, securing bonds totaling $2,550,000 of which $1,265,000 remained unpaid.

On August 8, 1934, plaintiff conveyed the mortgaged premises by a bargain and sale deed (exhibit A) to John T. Javasile. He, on August 17, 1934, executed his bond to Prudential Insurance Co. of America for $235,000 secured by a new mortgage on the premises. This mortgage was consolidated with the prior existing mortgages to form a single lien on the property for the payment of $1,500,000. By a mortgage extension agreement executed the same day, the maturity date of the indebtedness was extended to August 17, 1939. Javasile also deeded title to the property back to plaintiff the same day.

Plaintiff again conveyed title to the same mortgaged premises to Javasile on December 11, 1937. He then executed a second agreement with Prudential Insurance Co. of America providing for a further extension of payment until August 17, 1947. By an agreement with plaintiff, executed on December 12, 1937, Javasile released plaintiff from any liability to him which might arise by failure of the plaintiff to perform any obligations assumed by Javasile under the extension agreement.

The Bronx Savings Bank became the holder of the consolidated mortgage by an

assignment from Prudential Insurance Co. of America on August 14, 1946. It entered into an extension agreement on that day with plaintiff. Plaintiff purchased $1,650 in documentary stamps and affixed them to this mortgage extension agreement. Later it filed a claim for refund of that amount; the Commissioner of Internal Revenue rejected the claim on January 8, 1948. It is to recover the stamp tax so paid that this suit was brought.

The question presented is whether the extension agreement of 1946 (Exhibit G), was a renewal of an existing obligation of plaintiff, and, if it be held it was not such a renewal, whether plaintiff by the extension agreement assumed payment of the mortgage obligation. .

Section 1801 of the Internal Revenue Code, as far as is here pertinent, reads as follows:

"On all bonds, debentures, or certificates of indebtedness issued by any corporation, and all instruments, however termed, issued by any corporation with interest coupons or in registered form, known generally as corporate securities, on each $100 of face value or fraction thereof, 11 cents: *Provided*, That every renewal of the foregoing shall be taxed as a new issue: * * *."

We need not go beyond the terms of the 1946 agreement itself to determine that the plaintiff's claim is without merit.

This agreement, reciting the execution of the four prior corporate bonds and mortgages and the consolidation of them into one mortgage lien on which there was then due and owing the unpaid principal sum of $1,500,000, extends "the time of payment of the principal indebtedness secured by said consolidated bond and mortgage to the 17th day of August, 1962". It further provides that the plaintiff, Columbus Circle Arcade Co., named in the agreement as the party of the second part, "does hereby covenant and agree to pay said principal sum and interest" and that "the principal and interest hereby agreed to be paid, shall be a lien on the mortgaged premises and be secured by the said bond and mortgage

* * *". This in substance is an acknowledgement of the indebtedness evidenced by the consolidated bond and mortgage as a debt of the plaintiff corporation. The agreement then continues with the usual extension provisions, among them: from paragraph "1", "that the party of the second part will pay the indebtedness"; and from paragraph "2", "that the party of the second part will keep the buildings on the said premises * * * insured against loss by fire for the benefit of the party of the first part (i. e., The Bronx Savings Bank) * * *"; and further from paragraph "5", "that the party of the second part will pay taxes, assessments and water rates * * *" on the mortgaged premises, and in default, if such payment is made by the party of the first part, the same shall "be added to the indebtedness secured by this mortgage."

From the extension agreement, I conclude that the plaintiff corporation assumed the existing indebtedness, and that it was an obligation of a corporation which required documentary stamps to be affixed in accordance with the requirements of Section 1801.

I have not failed to consider the clause in the agreement providing that the plaintiff corporation

"* * * either before or after any default shall have no personal liability hereunder for the payment of the mortgage debt or any part thereof or for any other obligation arising under the aforesaid bonds, consolidated mortgage, extension agreements or this agreement * * *".

This is not a renunciation of, or a release from the prior assumption of the indebtedness; it is but a limitation of the liability of the corporation to that specific property upon which the mortgage is a lien. The effect of this clause is that the parties agree that the mortgagee would have no recourse to other assets of the plaintiff corporation should there be default and the mortgaged property prove insufficient to satisfy the amount due on the mortgage. Such a limitation did not change the essential character of the agreement; it still remained an

acknowledgement by the plaintiff corporation of its indebtedness and provided for a renewal or extension of the time of payment of this corporate obligation.

I conclude therefore, that the plaintiff is not entitled to any refund of the $1,650 paid for documentary stamps; and that the complaint should be dismissed with costs to the defendant. The clerk is directed to enter judgment accordingly.